IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:24-CR-00034-JCB-KNM |
| vs. | § § § | |
| NICHOLAS RAY LOPEZ | § § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On July 23, 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Conspiracy to Commit Marriage Fraud, a Class D felony, Defendant Nicholas Ray Lopez was sentenced on December 9, 2021, by United States District Judge Kenneth M. Hoyt, Southern District of Texas. The offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 11 and a criminal history category of IV, was 18 to 24 months. The Court sentenced Defendant to imprisonment for a term of time-served, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include drug and alcohol aftercare, no possession f any controlled substance without a prescription, no use or possession of alcohol, mental health treatment, medication monitoring, participation in educational services program if not employed, and a $100 special assessment fee.

1

Defendant completed his term of imprisonment and started his term of supervised release on December 1, 2021.  Defendant's term of supervised release was revoked on May 11, 2023, and the Court sentenced Defendant to imprisonment for a term of 6 months, followed by supervised release ending on December 8, 2024.  Defendant completed his term of imprisonment and started his second term of supervised release on October 20, 2023.  Jurisdiction was transferred to the Eastern District of Texas on April 19, 2024, and the case was assigned to United States District Judge J. Campbell Barker.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on June 24, 2024, United States Probation Officer Lupe Saucedo alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.**  It is alleged that Defendant was arrested on February 2, 2024 by the Tyler Police Department in Tyler, Texas, for a class B misdemeanor theft offense.

2. **Allegation 2 (mandatory condition 3):  The defendant must refrain from any unlawful use of a controlled substance.  The defendant must submit to one drug test within 15 days of release from imprisonment and at least 2 periodic drug tests thereafter, as determined by the court.**  It is alleged that Defendant provided a random urine specimen on or about June 17, 2024 that tested positive for methamphetamine.

3. **Allegation 3 (standard condition 8):  The defendant must not communicate or interact with someone he knows is engaged in criminal activity.  If the defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.**  It is alleged that Defendant communicated or interacted with Johnathan Welsh on or about February 2, 2024, who was involved in criminal activities.  Mr. Lopez and Mr. Welsh were arrested for shoplifting at a local Walmart in Tyler, Texas, on or about February 2, 2024, and Defendant admitted to their communication or interaction.

4. **Allegation 4 (standard condition 13):  The defendant must follow the instructions of the probation officer related to the conditions of supervision.**  It is alleged that Defendant was ordered to complete an ACCI theft management course online on or

about March 21, 2024, but he failed to follow the instructions of the probation officer and did not complete the course.

5. **Allegation 5 (special condition): The defendant must submit to substance abuse testing, under the guidance and direction of the U.S. Probation Office.** It is alleged that Defendant failed to provide a random urine specimen on May 21, 2024 as required of the NAPP Random Drug Testing Program.

6. **Allegation 6 (special condition): The defendant must participate in a cognitive-behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include self-directed learning courses, group sessions led by a counselor or participation in a program administered by the probation office. The defendant must pay the costs of the program.** It is alleged that Defendant was ordered to complete an ACCI theft management course online, but he failed to follow the instructions of the probation officer and did not complete the course.

## *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class D felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 12 to 18 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing a class B misdemeanor theft offense, using methamphetamine, communicating or interacting with someone involved in criminal activity, failing to follow the instructions of the probation officer, failing to provide a random urine specimen, or failing to complete an ACCI theft management course as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of IV, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 6 to 12 months.

*Hearing*

On July 23, 2024, Defendant appeared for a final revocation hearing. Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of 12 months and 1 day with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCC Pollock and, if not available, to designate him to a facility other than FCC Beaumont due to safety concerns.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should

4

be revoked and that he should be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCC Pollock and, if not available, to designate him to a facility other than FCC Beaumont due to safety concerns.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release.

So ORDERED and SIGNED this 23rd day of July, 2024.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE